UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 10-20631

v.

DANNY LEAUREAUX,

*Defendant*.
_____/

# **DETENTION ORDER PENDING TRIAL**

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that the facts require that Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.     Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

<u>XX</u>   (1)   The Government moved for detention at Defendant's first appearance pursuant to:

    <u>XX</u>   18 U.S.C. § 3142(f)(1).

    __   18 U.S.C. § 3142(f)(2).

__   (2)   A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2). See part D for findings.

**B.     Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

Does not apply.

C. **Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

Does not apply.

D. **Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

__ (1) There is a serious risk that Defendant will not appear.

__ (2) There is a serious risk that Defendant will endanger the safety of another person or the community.

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

<u>XX</u> by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

__ by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

__ both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

Having concluded that the government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that none of the presumptions in favor of detention apply in this case, the Court must consider Defendant's circumstances under the factors set forth in section 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves assaultive conduct. I find, from the grand jury having returned an

indictment, that there is a definite weight of evidence – at least rising to the level of probable cause – supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is currently 34 years of age and resides in the Rosebush, Michigan, area. He has been a lifelong resident of the Mount Pleasant, Michigan, area, with the exception of a brief period when he lived with his mother in Texas as a child. Defendant has been unemployed since September 2000. He is a member of the Saginaw Chippewa Indian Tribe and therefore receives per capita payments. At the time of Defendant's initial interview with Pretrial Services, he conceded that he has been using marijuana on a daily basis for the last 13 years. He also admitted to the use of alcohol and stated that he last used alcohol on the day of his arrest for the incidents which ultimately gave rise to the current indictment.

In 2005, at age 29, Defendant was charged with misdemeanor domestic violence and misdemeanor operating a vehicle while intoxicated. The case was transferred from the Isabella County courts to the tribal court system. The domestic violence charge was diverted within the tribal court system and ultimately dismissed. Defendant was convicted in July 2005 of operating a vehicle while intoxicated and sentenced to pay fines.

In February 2010, Defendant was charged in Isabella County with misdemeanor open container and misdemeanor driving while intoxicated. In May 2010, Defendant pled guilty to the operating while intoxicated charge. He was sentenced to six months' probation. Therefore, Defendant was on probation at the time the charges in the indictment are said to have taken place. In addition, Pretrial Services notes that Defendant's probation included conditions prohibiting his use of alcohol or any illegal

controlled substance. As a result, Defendant's concessions to Pretrial Services relating to drug use amount to violations of his probation. In August 2010, a bench warrant was issued for Defendant for failure to comply with his probation; specifically, his failure to attend outpatient abuse treatment at Alcoholics Anonymous and a victim impact program. Counsel for Defendant represents that Defendant ultimately did attend the victim impact program. Defendant was discharged from probation as unsuccessful due to his incarceration resulting from the incidents serving as the basis for the current indictment.

Defendant enjoys at this time the presumption of innocence under 18 U.S.C. § 3142(j). For this reason, I am declining the government's invitation to view photographs said to depict the victim's injuries. However, I do believe that it is appropriate to briefly summarize the government's representations relating to the incidents that serve as the basis for the indictment, as well as their aftermath. The government represents that the victim in one of the incidents was pushed against a corner, resulting in the separation of the victim's ear from her skull. The government relates another incident in which Defendant pulled on the same victim's hair and removed a portion of her hair and, along with it, a portion of her scalp. The government also represents that an incident took place where the same victim was dragged down a set of concrete stairs by Defendant, injuring her knee.

The government represents that the last of these incidents resulted in the issuance of an injunctive order prohibiting Defendant from having any form of contact with the victim. Counsel for Defendant represents that there are questions as to whether Defendant was actually served with this injunction. The government

represents that Defendant knew of the existence of the injunction and its conditions, as it followed a procedure similar to that of his earlier charge of domestic violence. Whether or not Defendant received notice of the injunction, the Assistant United States Attorney (AUSA) represents that he has listened to tape recordings of a series of phone calls between Defendant and the victim, including one call on October 20, 2010, wherein Defendant attempted to influence or potentially threaten or intimidate the victim. The AUSA represents that there have been at least nine telephone contacts between Defendant and the victim, despite the fact that the injunctive order prohibited any form of contact between them.

In light of Defendant's prior criminal history, his substance abuse both before and after the issuance of probation orders prohibiting such conduct, as well as the alleged violations of the injunctive order, I conclude that there are no conditions nor any combination of conditions that would reasonably assure the safety of the community and particularly the safety of the victim. Accordingly, the government's motion to detain is **GRANTED.**

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States court or on request of an attorney for

the government, the person in charge of the corrections facility must deliver Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

Dated: November 5, 2010

s/ Charles E Binder
CHARLES E. BINDER
United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and Amy Gierhart, and served on Pretrial Services and the U.S. Marshal's Service by other electronic means.

Date: November 5, 2010                By    s/*Jean L. Broucek*
                                            Case Manager to Magistrate Judge Binder